IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael E. Downing, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 0:16-cv-3501-BHH |
| ) | |
| Nancy A. Berryhill, Acting ) | |
| Commissioner of Social Security ) | **ORDER** |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This is an action brought pursuant to 42 U.S.C. §§ 405(g) seeking judicial review of the Acting Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Michael E. Downing's ("Plaintiff") claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The record includes the report and recommendation ("Report") of United States Magistrate Judge Paige J. Gossett, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In her Report, which was filed on January 26, 2018, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits. Plaintiff filed objections to the Report, and the Commissioner filed a response to those objections. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court respectfully declines to adopt the Magistrate Judge's Report and instead remands this matter for further evaluation consistent with this order.

## BACKGROUND

Plaintiff applied for DIB and SSI in August of 2009, alleging disability beginning on

November 1, 1998.  His applications were denied initially and upon reconsideration, and he requested a hearing before an administrative law judge ("ALJ").  A video hearing was held on February 29, 2012, at which Plaintiff, who was represented by counsel, appeared and testified.

After hearing testimony from a vocational expert ("VE"), the ALJ issued a decision on April 6, 2012, finding that Plaintiff was not disabled.  The Appeals Council denied Plaintiff's request for review, and Downing appealed to the United States District Court.  Upon motion of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), the District Court reversed the ALJ's decision and remanded Plaintiff's case, specifically directing the ALJ to: (1) further consider the severity and effects of Plaintiff's mental impairments; (2) further consider the opinions of the examining and nonexamining sources in Exhibits 10F, 11F, and 23F; (3) further evaluate Plaintiff's residual functional capacity ("RFC") taking into consideration all of Plaintiff's medically determinable impairments; (4) if necessary, obtain supplemental testimony from a VE; and (5) issue a new decision.  The Appeals Council issued an order on December 4, 2014, remanding the matter for further proceedings consistent with the order of the District Court.  A different ALJ held a supplemental hearing on February 11, 2016, and Plaintiff, who was represented by the same counsel, appeared again and testified.  This ALJ also heard testimony from a VE and issued a decision on June 29, 2016, finding that Plaintiff was not disabled.[1]

---

[1] The ALJ noted that Plaintiff had previously filed applications for DIB and SSI in October 1999, in which he alleged disability beginning on November 1, 1998, and which resulted in a favorable determination. The ALJ also noted, however, that on October 1, 2007, it was determined that Plaintiff's disability ceased, and disability benefits were terminated effective January 2008.  Accordingly, although Plaintiff's current applications allege disability beginning on November 1, 1998, the ALJ found that the period before October 2, 2007, had been adjudicated, leaving the period in question for the current applications to be October 2, 2007 to the present.  (Tr. 594-95.)

Plaintiff was born in 1976 and was 21 years old on his alleged disability onset date. He has a ninth grade education and past relevant work experience as a sander and floor finisher, a mover, a plumber's helper, a mechanic, an electrician's helper, and an assembly worker. Downing alleged disability due to attention deficit disorder, bipolar disorder, severe anxiety disorder, and back issues.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

The Court conducts a de novo review to those portions of the Report to which a specific objection is made, and this Court may accept, reject, or modify, in whole or in part, the recommendations contained in the Report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portion of the Report to which the objection is made and the basis for the objection. *Id.*

### II. Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is

3

"substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebreeze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## **DISCUSSION**

**I.     The Commissioner's Final Decision**

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to result in death or which has lasted or can expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c) If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

4

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity since his alleged onset date of November 1, 1998. Next, the ALJ determined that Plaintiff's status-post cervical and lumbar spine; depressive disorder, not otherwise specified; and generalized anxiety disorder, not otherwise specified, were severe impairments. However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"). With regard to residual functional capacity ("RFC"), the ALJ found that Plaintiff could:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) with the following additional limitations: the claimant can never climb ladders/ropes/scaffolds, kneel crawl, or balance on slippery or moving surfaces. He can occasionally climb ramps/steps, stoop and crouch. He can never reach overhead with either arm. He must avoid all exposure to extreme cold/heat, wetness, humidity, respiratory irritants and workplace hazards such as operating moving machinery or unprotected heights. He can perform simple, routine tasks in a low-stress work environment with no fast-paced production requirements, only simple work related decisions, few, if any workplace changes and occasional interaction with the public.

(Tr. 599-600; ECF No. 17-12 at 38-39.) The ALJ found that Plaintiff was unable to perform his past relevant work, but that, considering his age, education, work experience, and RFC,

5

there were jobs that existed in significant numbers in the national economy that Downing could perform. Therefore, the ALJ found that Plaintiff was not disabled from the alleged onset date of November 1, 1998, through the date of the decision.

The Appeals Council denied Plaintiff's request for review on June 29, 2016, making the decision of the ALJ the final decision of the Commissioner. Plaintiff filed this action on October 27, 2016, seeking judicial review.

## II.     The Court's Review[2]

In his brief, Plaintiff first asserts that the ALJ did not explain her RFC findings in accordance with Social Security Ruling 96-8p. (ECF No. 10 at 23.) Specifically, Plaintiff asserts that the ALJ's decision fails to properly consider the evidence regarding Plaintiff's lumbar spine and resulting limitations including his need to use a cane for support. Next, Plaintiff asserts that the ALJ did not perform the analysis of treating and evaluating physician opinions as required by 20 C.F.R. § 404.1527(d)(1)-(6), S.S.R. 96-2p and S.S.R. 96-5p. (*Id.* at 28.) Lastly, Plaintiff asserts that the ALJ provided no meaningful assessment of Plaintiff's credibility. (*Id.* at 34.)

In her responsive brief, the Commissioner asserts that substantial evidence supports the ALJ's RFC finding. (ECF No. 15 at 9-10.) In addition, the Commissioner asserts that the ALJ appropriately weighed the opinions of Plaintiff's treating and evaluating medical sources and that substantial evidence supports the ALJ's evaluation of Plaintiff's credibility. (*Id.* at 10-15.)

---

[2] As the Magistrate Judge noted in her Report, numerous Social Security regulations and Social Security Rulings have changed effective March 27, 2017. However, these changes specifically state that they apply to claims filed *on or after March 27, 2017*. *See, e.g.*, 20 C.F.R. §§ 404.1513, 404.1527. Because these claims were filed before March 27, 2017, all references are to the prior versions of the regulations in effect when Plaintiff filed his application for benefits, unless otherwise specified.

In her Report, the Magistrate Judge considered the issues raised by Plaintiff and rejected all of Plaintiff's arguments, first finding no error in the ALJ's analysis of Plaintiff's RFC. (ECF No. 19 at 6-12.) Specifically, the Magistrate Judge found that the ALJ properly considered the evidence of record related to Plaintiff's lumbar spine impairment and its effect on Plaintiff's RFC. In addition, the Magistrate Judge rejected Plaintiff's argument that the ALJ failed to properly account for Plaintiff's need to use a cane for support. Next, the Magistrate Judge found that the ALJ applied the relevant factors in evaluating all of Dr. Davis's opinions, and found that Plaintiff failed to demonstrate that the ALJ's decision to afford little weight to Dr. Davis's opinions is unsupported by substantial evidence or based on an incorrect application of the law. (*Id.* at 12-23.) Likewise, the Magistrate Judge found that Plaintiff failed to demonstrate that the ALJ's evaluation of Plaintiff's credibility is unsupported by substantial evidence or based on an incorrect application of the law. (*Id.* at 18-23.) Plaintiff filed written objections to the Magistrate Judge's Report, and the Court will consider each of Plaintiff's objections below.

### A. The ALJ's RFC Finding

As the Magistrate Judge noted, an individual's RFC is an assessment of her "ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." S.S.R. 96-8p at *1. An ALJ assesses a claimant's RFC "based on all the relevant medical and other evidence." 20 C.F.R. § 404.1520(a)(4).

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount

7

of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

S.S.R. 96-8p. Thus, an ALJ can give weight to some medical evidence, while disregarding other medical evidence, when determining a claimant's RFC. *See Bacnik v. Colvin*, No. 1:12-cv-801, 2014 WL 3547387, at *4 n. 7 (M.D.N.C. July 17, 2014). However, "'a necessary predicate to engaging in a substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.'" *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). In other words, the ALJ must "'build an accurate and logical bridge from the evidence to his conclusion.'" *Id.* (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)).

Here, Plaintiff objects to the Magistrate Judge's evaluation of the ALJ's RFC finding and again asserts that the ALJ failed to properly consider Plaintiff's need to use a cane for balance while standing (as opposed to walking). Plaintiff states:

> The Magistrate Judge recommends the Commissioner's decision be affirmed because even though there are two prescriptions for canes, the prescriptions did not indicate the circumstances for which it was needed. Initially, the undersigned asserts that the Magistrate Judge has engaged in a post hoc rationalization for dismissing prescriptions for a cane. The ALJ did not cite the lack of specificity of the prescriptions as a reason for finding that a cane was not necessary for standing.
>
> . . .
>
> Even if the ALJ had found fault with the specificity of the prescriptions, the proper action would have been for the ALJ to contact the physician for clarification, not to just dismiss the opinion. Furthermore, Downing submits the objective evidence repeatedly documents the weakness in his right leg

8

and validates the need for a cane for support. When the ALJ cites two records that document 5/5 strength in major muscle groups, both of those records are from Emergency Room visits for an abscess. Downing notes that Dr. Travis Davis, a treating physician who prescribed the cane, repeatedly noted 4/5 muscle weakness of the lower right extremity. (Tr. 726, 723, 713, 735). The ALJ's reference to records that document a normal gait are not relevant to the issue at hand, which is whether or not Downing need[s] a cane while standing, not walking.

(ECF No. 20 at 1-2.)

After consideration, the Court sustains Plaintiff's objection. Social Security Ruling 96-9P provides guidance regarding the required showing for an ALJ to reach the conclusion that a claimant's hand-held device is "medically required" where an individual is capable of less than a full range of sedentary work. This standard requires "medical documentation establishing the need for a hand-held assistive device to aid in walking *or* standing, and describing the circumstances for which it is needed." S.S.R. 96-9P, 1996 WL 374185, *7 (July 2, 1996) (emphasis added). Although the Magistrate Judge is correct that courts in the Fourth Circuit have determined that even when a cane is prescribed by a physician it may not be "medically necessary" under Social Security Ruling 96-9P,[3] whether Plaintiff requires a cane in this case is crucial to determining what jobs he can perform, and ultimately, it is not clear from the ALJ's decision whether she considered Plaintiff's need for a cane while standing. *See Foster v. Colvin*, 2015 WL 4944980, *18, n. 6 (S.D.W.Va. Aug. 19, 2015) (noting that courts in the Fourth Circuit have found that a cane may not be medically necessary when prescribed by a physician but remanding the

---

[3] *See, e.g., Morgan v. Comm'r, Soc. Sec.*, No. JKB-13-2088, 2014 WL 1764922, at *1 (D. Md. Apr. 30, 2014); *Timmons v. Colvin*, No. 3:12CV609, 2013 WL 4775131, at *8 (W.D.N.C. Sept. 5, 2013); *Wimbush v. Astrue*, No. 4:10CV00036, 2011 WL 1743153, at *3 (W.D. Va. May 6, 2011).

9

case for further consideration of the evidence where the question was critical to determining what jobs the claimant could perform). Stated differently, in her decision, the ALJ specifically refers to claimant's allegation "that he requires a cane for *ambulation*," and she rejects this claim, finding that the record is "replete with references to claimant being observed *ambulating* with a normal gait without an assistance device." (Tr. 601; ECF No. 17-12 at 40 (emphasis added).) Importantly, missing from the ALJ's analysis is any discussion of Plaintiff's alleged need to use a cane while standing, which is a critical question because the ALJ asked the VE at the hearing whether a hypothetical individual who could perform sedentary work with certain limitations would be unable to work if he "was required to use a cane to either stand or walk or [ ] – he was standing, would have to use one of the hands to hold onto a table to keep his balance," to which the VE responded that such a limitation "would preclude the work I've indicated or any sustained work."[4] (Tr. 947; ECF No. 17-17 at 59.)

---

[4] At a prior hearing on November 13, 2015, at which Plaintiff did not appear, another ALJ presented a hypothetical situation to the VE involving a person who was required to use a cane to walk or stand, and the following discussion followed:

Q     Dr. Hecker, On the first hypothetical before the pain considerations, if a person was required to use a cane to ambulate or stand, would that change your opinion?
A     If the person cannot use a table for support, in other words he's working at a bench or a table, if he can't use the table, but has to use a cane, then he's not able to perform those jobs because those jobs require bilateral upper extremity use.
Q     Let me back up then and clarify that. A table would be support for him to stand.
A     Yes.
Q     So, let's assume that he either needed the cane or a table to be able to stand and balance, and would have to have one hand or I guess he could be propped up against it, but he had to have, if he's standing, either had to have a table or a cane or some assistive device to stand, would that change your opinion?
A     Well, again, if it's just a table, he could work, if it's the cane, he can't work.
Q     All right. So, if there is a table there, now if he had to actually put a hand on this table to keep his balance standing up, one hand, would that change –
A     Then we're dealing with one – he was only dealing with one extremity, then there is no work.
Q     All right. In these jobs he must use both hands and arms to work?
A     Yes.

Here, as Plaintiff points out, his neurologist prescribed a cane due to weakness, and Dr. Davis, Plaintiff's treating physician, whose records also document weakness at times,[5] also prescribed a cane, although it is not clear the circumstances for which Dr. Davis prescribed the cane. Ultimately, although substantial evidence may support a finding that a cane was not medically necessary for either walking *or* standing, the Court finds that the ALJ's decision lacks sufficient discussion of Plaintiff's need to use a cane while standing for the Court to determine whether substantial evidence supports her RFC finding. This is admittedly a close call, but because this issue is critical to the determination of Plaintiff's ability to work, the Court finds it necessary to remand the case to the Commissioner for further consideration of whether Plaintiff has demonstrated that it was medically necessary for him to use a cane while standing, and for the submission of additional evidence on this issue if necessary.

### B.    The ALJ's Evaluation of Medical Opinion Evidence

In evaluating a claimant's application for benefits, the Commissioner must evaluate all medical opinions and determine the weight to be accorded to each opinion based on the relationship between the physician and the claimant. *See* 20 C.F.R. §§ 404.1527 and 416.927 (2010). Under the regulations in effect at the time relevant to this action, the so-

---

| | | |
|---|---|---|
| Q | | All right. Now, if he needed the cane to walk, which means he's away from the table, would that change your opinion? |
| A | | No, sir. If he only needs a cane to walk to and from the parking lot to his work station, but he's able to sit the majority of the time, stand and use the table for support with both hands free, then the jobs I've identified are doable. |

(Tr. 911-912; ECF No. 17-17 at 23-24.)

[5] The ALJ did not give controlling weight to Dr. Davis's opinions and found Dr. Davis's conclusion that Plaintiff has extensive muscle weakness inconsistent with treatment notes from November 3, 2010; January 25, 2011; and August 19, 2011.

called "treating physician rule" directed the Commissioner to give a treating physician's opinion controlling weight if it is well-supported by medically acceptable clinical evidence and not inconsistent with other substantial evidence of record. 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2); *Mastro*, 270 F.3d at 178. However, "if a treating physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig v. Charter*, 76 F.3d 585, 590 (4th Cir. 1996). If the Commissioner decides to give less than controlling weight to the opinion of a treating physician, the Commissioner still must weigh the opinions of the treating physician in light of a broad range of specifically identified factors, including the examining relationship, the nature and extent of the treatment relationship, the supportability of the opinions in the medical record, their consistency, and whether the treating physician is a specialist. 20 C.F.R. § 404.1527(c)(1)-(5).

Here, Plaintiff asserts that the ALJ failed to properly consider the opinions of his treating physician, Dr. Davis, and Plaintiff contends that the Magistrate Judge failed to adequately address the heart of his argument. (ECF No. 20 at 4.) Specifically, Plaintiff states:

> Downing argues the ALJ failed to consider how a 2006 MRI supported the opinion, the ALJ failed to consider a February 9, 2016 letter from Dr. Davis that clarified his opinion, and the ALJ failed to show how the opinion was inconsistent with the findings of Dr. Baxley (Dkt. 10 at 33-35). The Magistrate Judge responds that Downing did not explain how the 2006 MRI would have changed the ALJ's conclusion that Dr. Davis's opinion was inconsistent with the other evidence cited (Dkt. 19 at 16). Downing acknowledges that consistency between an opinion and the evidence is a relevant factor in assessing the opinion evidence; however, when the ALJ only considers a portion of the evidence it is not clear that the ALJ adequately assessed whether the opinion was consistent with the evidence as a whole or not. Downing argues that the 2006 MRI documented impingement, and the ALJ did not consider evidence that supported the

12

> opinion in addition to the evidence cited that (at least arguably) does not support the opinion. . . .
>
> Downing also challenged the ALJ's conclusion that Dr. Davis's statement that Downing had lower extremity weakness was inconsistent with the record. The Magistrate Judge responds that the ALJ acknowledged Downing's use of a cane and recognized Dr. Davis's records (Dkt. 19 at 16). First, Downing notes that Dr. Davis's August 2011 opinion cited "muscle weakness" as a reason for finding Downing disabled. The records prior to this opinion document Downing's reduced extremity strength (Tr. 407, 404, 503). The ALJ's conclusion that the opinion should not be given controlling weight because it is not consistent with the treatment records regarding lower extremity weakness is not supported by the evidence.
>
> Downing has made two other arguments regarding Dr. Davis's opinions. First, the ALJ failed to consider a subsequent letter from Dr. Davis that addresses the 2011 opinion and explains that Downing's limitations were still valid and in effect, even though Downing was not diagnosed with MS or fibromyalgia. Second, Dr. Davis's opinion regarding cane use was consistent with Dr. Baxley's opinion that Downing needed a cane. The ALJ's failure to consider Dr. Davis's clarifying letter, as well as her erroneous conclusion that the two opinions were inconsistent, merits remand. The Magistrate Judge does not directly respond to either of these arguments (Dkt. 19 at 17).
>
> The Report and Recommendation merely states that the ALJ applied the relevant factors in evaluating Dr. Davis's opinions. Downing submits that the Report and Recommendation inadequately addresses the heart of the arguments. A response that the ALJ properly considered the opinion evidence, without any supporting argument of how the ALJ showed it was inconsistent or unsupported, is contrary to the regulations.

(ECF No. 20 at 3-5.)

After review, the Court agrees with the Magistrate Judge that the ALJ was not required to discuss all of the evidence of record, and Plaintiff has not explained how the ALJ's alleged failure to consider a 2006 MRI would have changed the ALJ's decision to give Dr. Davis's opinion little weight. However, the Court also agrees with Plaintiff that the Magistrate Judge's Report does not squarely consider Plaintiff's other arguments. While the Court is not overly concerned with the ALJ's failure to consider Dr. Davis's clarifying

13

letter from 2016, in light of the Court's prior findings with respect to Plaintiff's alleged need for a cane, the Court is concerned with the ALJ's conclusion that Dr. Davis's opinion is not consistent with Dr. Baxley's opinion, as the record indicates that both doctors prescribed a cane for Plaintiff. On remand, the Commissioner should fully consider the medical evidence pertaining to Plaintiff's need for a cane, including the evidence of Plaintiff's treating physicians and any newly submitted evidence on the issue, and provide ample explanation of the weight afforded to the evidence. For the foregoing reasons, the Court overrules in part and sustains in part Plaintiff's second objection.

### C. The ALJ's Evaluation of Plaintiff's Credibility

An ALJ must consider the extent to which a claimant's self-reported symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. Pursuant to Social Security Ruling 96-7p,[6] if an ALJ finds a claimant to be less than fully credible, the ALJ must cite specific reasons based on the evidence. This ruling provides:

> It is not sufficient to make a conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight. This documentation is necessary in order to give the individual a full and fair review of his claim, and in order to ensure a well-reasoned determination or decision.

---

[6] Effective March 28, 2016, S.S.R. 96-7p was superceded by S.S.R. 16-3p; however, this application was adjudicated prior to the effective date of S.S.R. 16-3p, so the Court analyzes Plaintiff's allegations under S.S.R. 96-7p.

14

SSR 96-7p. In evaluating a claimant's subjective complaints of pain, the Social Security Regulations direct the Commissioner to consider the following factors:

> (i) Your daily activities;
> (ii) The location, duration, frequency, and intensity of your pain or other symptoms;
> (iii) Precipitating and aggravating factors;
> (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
> (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
> (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
> (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3).

Here, Plaintiff argues that the Magistrate Judge simply cites the ALJ's reasoning for discounting Plaintiff's credibility but provides no insight as to how the reasoning was proper or supported by the law. (ECF No. 20 at 5.) Plaintiff also complains about the ALJ's reference to his "propensity to exaggerate," which is noted in treatment records, and argues that "the ALJ's acknowledgment that Downing had limited insight should not discount his credibility, but rather bolster Dr. Davis's opinion that Downing lacked insight concerning matters relevant to self and lacked judgment regarding every day activities." (ECF No. 20 at 5.)

After review, the Court finds Plaintiff's objection largely without merit. As the Magistrate Judge determined, the ALJ referenced both objective and subjective evidence that showed inconsistencies with Plaintiff's statements regarding the extent of his limitations and the evidence of record, and the ALJ considered the appropriate factors in evaluating Plaintiff's credibility. Ultimately, however, because the Court finds that remand

15

is necessary for further consideration of the evidence relevant to Plaintiff's need to use a cane while standing, and because such evidence includes Plaintiff's subjective statements, on remand the Commissioner should consider all of the evidence (including any newly submitted evidence) in evaluating Plaintiff's credibility.

## **CONCLUSION**

For the foregoing reasons, the Court sustains in part and overrules in part Plaintiff's objections (ECF No. 20), and the Court respectfully declines to adopt the Magistrate Judge's Report (ECF No. 19) and instead remands the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further evaluation and explanation of the evidence related to Plaintiff's need to use a cane while standing, and for the submission of additional evidence to the extent necessary to evaluate the aforementioned issue.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks  
The Honorable Bruce H. Hendricks  
United States District Judge

March 13, 2018  
Charleston, South Carolina