```
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
```

| | |
|---|---|
| Michael E. Downing, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 0:16-cv-3501-BHH |
| ) | |
| Nancy A. Berryhill, Acting ) | |
| Commissioner of Social Security ) | **ORDER** |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court upon Plaintiff's motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. In the motion, Plaintiff seeks attorney's fees in the amount of $5,606.25, which represents 28.75 hours of attorney's work at the hourly rate of $195.00, as well as $407.00 in costs and $16.00 in expenses. The Commissioner filed a response asserting that Plaintiff's counsel's requested hours are excessive and unreasonable and asking the Court to reduce counsel's requested hours for a total of $3,997.50 in attorney's fees.

Attorney's fees may be awarded pursuant to EAJA where the government's position is not substantially justified. The substantial justification test is one of reasonableness in law and fact. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The district court has broad discretion to set the attorney fee amount. "[A] district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize." *Hyatt v. North Carolina Dep't of Human Res.*, 315 F.3d 239, 254 (4th Cir. 2002) (*citing Comm'r v. Jean*, 496 U.S. 154, 163 (1990)). Moreover, the court should not only consider

the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

In evaluating a request for attorney's fees and costs pursuant to EAJA, the government bears the burden of proving that its position was substantially justified. To meet its burden, the government must establish that its case has a reasonable basis in both law and fact. *Pierce*, 487 U.S. at 562-563. "In other words, favorable facts will not rescue the government from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4thCir, 1992). "To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness." *Pierce*, 487 U.S. at 566. However, "a position can be justified even though it is not correct, and . . . it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id*. at n.2.

Here, the Commissioner argues that Plaintiff's counsel seeks an unreasonable and excessive number of compensable hours. Specifically, the Commissioner points out that Plaintiff's counsel requests fees for 28.75 hours of work, which includes 21.3 hours spent on preparing the initial brief. Because Plaintiff prevailed on one of three issues (regarding his use of a cane) and that issue comprised approximately one page of Plaintiff's brief, the Commissioner argues that the requested number of hours is excessive and asks that the Court reduce Plaintiff's request to no more than 20.50 hours.

Plaintiff filed a reply objecting to the Commissioner's argument that its position was substantially justified. Importantly, however, nowhere in the Commissioner's response

does the government argue that its position was substantially justified. Rather, the Commissioner asserts only that Plaintiff bears the burden of proving the number of hours reasonably expended, and that Plaintiff's requested hours are excessive and unreasonable under the circumstances of the Court's remand. *See Hensley v. Eckerhart*, 461 U.S. 424, 432-37. After review, the Court agrees with the Commissioner. Because Plaintiff's success was limited in comparison to the scope of the litigation as a whole, the Court finds it appropriate to reduce Plaintiff's requested hours to 20.5 hours at $195.00 for a total of $3,997.50 in attorney's fees, which the Court finds reasonable in relation to the results obtained.

## **CONCLUSION**

Based on the foregoing, it is hereby

**ORDERED** that Plaintiff's motion (ECF No. 26) is granted in part, and Plaintiff is awarded attorney's fees in the amount of $3,997.50, which represents 20.50 hours of attorney's work at the hourly rate of $195.00, in addition to $407.00 in costs and $16.00 in expenses, pursuant to EAJA, made payable to Plaintiff and delivered to the business address of Plaintiff's counsel.[1]

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

October 16, 2018
Charleston, South Carolina

---

[1] As the Supreme Court made clear in *Astrue v. Ratliff*, attorney's fees under EAJA are made payable to the prevailing litigant and not to the litigant's attorney. 560 U.S. 586, 598 (2010) (holding that the plain text of EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to an offset of any pre-existing federal debts).